IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS LEBRON-ORTIZ,<br><br>    Petitioner<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent | Civil No. 11-2259 (ADC)<br>[Related to Crim. No. 07-121-8 (ADC)] |

## OPINION AND ORDER

Petitioner, Luis Lebrón-Ortíz ("petitioner"), submitted a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 ("the § 2255 motion"), on December 28, 2011. **ECF No. 1.** In the § 2255 motion, petitioner raised the following claims: (1) the District Court improperly informed him that an element of the offense was simply a sentencing enhancement ("Claim 1"); (2) the District Court improperly instructed him on the maximum term of supervised release ("Claim 2"); and (3) the District Court failed to avoid disparate sentences among similarly situated defendants ("Claim 3"). *Id.* at 8-9.

Respondent, the United States of America ("respondent"), filed a response in opposition to the § 2255 motion, requesting that the Court deny the motion. **ECF No. 17.** For the reasons set forth below, the Court **DENIES** petitioner's § 2255 motion (**ECF No. 1**).

## I. Factual and Procedural History

On March 19, 2007, a two-count indictment was returned against petitioner and 41 co-defendants. **Case No. 3:07-cr-00121**, **ECF No. 1.** In pertinent part, the indictment charged that, beginning in or about 2003, and continuing until the return of the indictment, the defendants conspired to possess with intent to distribute controlled substances in excess of 1 kilogram of heroin, 5 kilograms of cocaine, 50 grams of cocaine base, and 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860 ("Count 1"). *Id.* at 3-4. Count 2 was a forfeiture allegation . *Id.* at 12-13.

On February 19, 2008, petitioner entered a straight plea of guilty as to Count 1 of the indictment. *Id.,* **ECF No. 1070.** On July 28, 2008, he was sentenced to 360 months' imprisonment and a supervised release term of 15 years. *Id.,* **ECF No. 1690**. On the same date, judgment of conviction was entered. *Id.,* **ECF No. 1725.**

Petitioner filed a notice of appeal of his judgment and sentence on August 16, 2008. *Id.,* **ECF No. 1744.** On appeal, petitioner argued that: (1) the Court erred in treating the issue of proximity of a protected location, under 21 U.S.C. § 860, as a sentencing enhancement rather than as an element of the offense, thus rendering his guilty plea invalid; (2) the Court erred in informing the petitioner of the maximum possible sentence authorized by 21 U.S.C §§ 841(a)(1), 860, thus rendering his guilty plea invalid; (3) the cumulative effects of the Court's errors during the plea colloquy invalidated his guilty plea; and (4) the Court failed to avoid

disparate sentences among similarly situated defendants, as required by 18 U.S.C. § 3553. **ECF No. 17-3** at 11-12.

On September 14, 2010, the First Circuit Court of Appeals affirmed the judgment of conviction and rejected petitioner's appeal. **Case No. 3:07-cr-00121**, **ECF No. 2027**. The First Circuit held that petitioner did not show "a reasonable probability that, but for the alleged errors, he would not have entered the guilty plea." *Id.* at 1. The Court also rejected petitioner's challenge to the reasonableness of his sentence. *Id.* On January 18, 2011, the U.S. Supreme Court denied petitioner a writ of certiorari from the affirmance of his conviction and sentence. *Lebrón-Ortíz v. United States,* 131 S. Ct. 1028 (2011). On December 28, 2011, petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255. **ECF No. 1.**

## II. Standard of Law

A federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner requesting post-conviction relief must show that his sentence "reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (quotations, citation, and alterations omitted). The burden to establish such a defect falls on petitioner. *Id*.

Federal courts may grant a hearing to entertain the claims raised in a collateral attack. 28 U.S.C. § 2255(b). However, a hearing is unnecessary when the § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. *United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993) (quotation and citation omitted). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'" *Id*. at 226 (quoting *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984) (internal quotation marks omitted)).

### III. Discussion

Petitioner raises three claims in support of his § 2255 motion. **ECF Nos. 1, 1-1**. First, he claims that the Court erred in treating the issue of proximity of a protected location, under 21 U.S.C. § 860, as a sentencing enhancement rather than as an element of the offense, thus rendering his guilty plea invalid. **ECF No. 1-1** at 2, 4. Second, he argues that the Court erred in informing him of the maximum possible sentence authorized by 21 U.S.C §§ 841(a)(1), 860, thus rendering his guilty plea invalid. *Id.* at 7. Third, he asserts that the Court failed to avoid disparate sentences among similarly situated defendants, as required by 18 U.S.C. § 3553. *Id.* at 9. Respondent argues in its response that "all the claims presented in the instant motion

were raised and denied on direct appeal," and thus relief should be denied. **ECF No. 17** at 6. The Court agrees.

Generally, a claim raised and disposed of on direct appeal cannot be reviewed a second time by way of a § 2255 motion. *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir. 1967) ("[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."). *See also Palmer v. United States,* 46 F. App'x 5, 9 (1st Cir. 2002) (citing *Singleton v. United States,* 26 F.3d 233, 240 (1st Cir. 1994)). The Court has reviewed the claims raised in petitioner's appellate brief (**ECF No. 17-3**), and they mirror the issues raised in the instant § 2255 motion.

The only addition or change to petitioner's arguments is, in Claim 1, he asserts that the First Circuit's decision in his appeal was inconsistent with *United States v. Domínguez-Benítez,* 542 U.S. 74, 124 S. Ct. 2333 (2004). However, *Domínguez-Benítez* was decided in 2004, and thus, arguments related to it should have been raised in petitioner's direct appeal. *See Berthoff v. United States,* 308 F.3d 124, 127-28 (1st Cir. 2002) ("a defendant's failure to raise a claim in a timely manner at trial or an appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence.")[1] Instead, petitioner's § 2255 motion reflects a desire on his part to appeal the

---

[1] Petitioner has raised no claim of cause and prejudice or actual innocence. *See* **ECF Nos. 1, 1-1**.

results of his direct appeal.[2] He has not prevailed on direct review, *see Lebrón-Ortíz*, 131 S. Ct. 1028, and may not revisit that process, *see Singleton,* 26 F.3d at 240. Accordingly, the Court **DENIES** all three of petitioner's claims raised in the § 2255 motion.

IV.     **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). Where the district court has denied a habeas petition on procedural grounds, the application must show that jurists of reason would find debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id.* If the applicant fails to satisfy either prong of this two-part test, the court should deny a COA. *Id*.

Here, because each of the three claims that petitioner raises was rejected on direct appeal and may not be re-litigated, the Court finds that petitioner is not entitled to a COA.

---

[2] *See* **ECF No. 1-1** at 7 ("The First Circuit's judgment in this case is a miscarriage of justice that must be prevented by this court.")

**V.      Conclusion**

For the reasons discussed herein, the § 2255 motion (**ECF No. 1**) is **DENIED.** The case is hereby **DISMISSED WITH PREJUDICE**. A COA is **DENIED**. The Clerk is instructed to enter judgment accordingly.

**SO ORDERED.**

At San Juan, Puerto Rico, this 19th day of May, 2015.

                                                              **S/AIDA M. DELGADO-COLÓN**
                                                               **Chief United States District Judge**